BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, California 94612
    Telephone:   (510) 637-3723
    Facsimile:   (510) 637-3724
    E-mail:   Garth.Hire@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4-16-70318 MAG |
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF HEARING DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIOD PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| RICKY KEITH BARNETTE, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Garth Hire, and defendant Ricky Keith Barnette (BARNETTE), by and through his counsel of record, Assistant Federal Public Defender Ned Smock, hereby stipulate as follows:

    1.    On March 15, 2016, the Honorable Donna M. Ryu signed a federal criminal complaint charging defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On August 15, 2016, defendant made his initial appearance and was arraigned on the criminal complaint.

1

2. A hearing for arraignment on indictment or information is presently set before this Court at 9:30 a.m. on Friday, October 14, 2016.

3. The government has produced discovery relating to defendant's arrest and criminal history. The government and defendant are exploring the potential for a pre-indictment disposition. Counsel for defendant BARNETTE requires additional time to obtain and review discovery and in light of that discovery to discuss and negotiate a potential pre-indictment disposition for defendant or to file pre-indictment motions.

4. Thus, counsel for defendant BARNETTE represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-indictment and/or pre-trial motions, review the discovery already produced and soon to be produced, as well as potential evidence in the case, and prepare for trial in the event that a pre-indictment resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The parties agree that the requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

5. Defense counsel represents that his client understands that he has a right under 18 U.S.C. § 3161(b) to be charged by information or indictment with the offense alleged in the pending criminal complaint and that his client knowingly and voluntarily waives that right and agrees to exclude the time to be charged by indictment or information to October 28, 2016. Defense counsel further represents that his client knowingly and voluntarily waives the timing for preliminary hearing under Federal Rule of Criminal Procedure 5.1 to October 28, 2016.

6. For purposes of computing the date under Rule 5.1 of the Federal Rules of Criminal Procedure for preliminary hearing, and the date under the Speedy Trial Act by which defendants must be charged by indictment or information, the parties agree that the time period of October 14, 2016, to October 28, 2016, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i)

and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in the filing of an information or indictment within the period specified in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which an information or indictment must be filed.

IT IS SO STIPULATED.

Dated: October 13, 2016   BRIAN J. STRETCH
United States Attorney

/s/
GARTH HIRE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

/s/  *via e-mail authorization*   10/11/2016
NED SMOCK   Date
Attorney for Defendant
RICKY KEITH BARNETTE

### [PROPOSED] ORDER

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Hearing Date and (2) Findings of Excludable Time Period Pursuant to Speedy Trial Act, filed by the parties in this matter.  The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, as well as to waive the timing for preliminary hearing under Rule 5.1 of the Federal Rules of Criminal Procedure.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in the filing of an information or indictment within the time period set forth in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

The hearing for preliminary hearing and arraignment on information or indictment in this matter currently scheduled for October 14, 2016, is continued to 9:30 a.m. on Friday, October 28, 2016.  The time period of October 14, 2016, to October 28, 2016, inclusive, is excluded in computing the time within which an information or indictment must be filed under 18 U.S.C. § 3161(b) pursuant to the provisions of 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv).  Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which an information or indictment must be filed.

IT IS SO ORDERED.

10/13/16
DATE

HONORABLE KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE